IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECA CUTRUZZULA, | ) | |
| | ) | Civil Action No. 14-1474 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Mark R. Hornak |
| | ) | |
| BAYER HEALTHCARE | ) | United States Magistrate Judge |
| PHARMACEUTICALS INC., | ) | Cynthia Reed Eddy |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiff's motion for leave to amend her complaint (ECF No. 16), which Defendant Bayer Healthcare Pharmaceuticals Inc. opposes. (*Id.* at n.1). Plaintiff asserts that in light of Defendants' motion to dismiss the complaint, which is also pending before the Court (ECF No. 7), she has added "facts and legal allegations to support all of Plaintiff's claims, and in particular, Plaintiff's negligent misrepresentation and fraud-based claims, and also removes Plaintiff's strict liability claim in light of *Lance v. Wyeth*, 85 A.3d 434 (Pa. 2014) and *Hahn v. Richter*, 673 A.2d 888 (Pa. 1996)." (*Id.* at 2). Consequently, Plaintiff contends that good cause exists for her motion, stating that the proposed first amended complaint will affect and potentially resolve, or at least narrow, some of the issues in the pending motion to dismiss. (*Id.*).

Additionally, Plaintiff notes that because the case is still in the pleading stage and no discovery has been undertaken, Defendant will not suffer prejudice if her motion is granted. (*Id.*). Plaintiff also asserts in her motion that she wishes to add two foreign Bayer entities: Bayer Oy and Bayer Pharma AG. She claims that both entities had substantial and direct involvement

1

in product at issue in this action – Bayer's Mirena IUS.  Plaintiff has attached the proposed first amended complaint to her motion.  (ECF No. 16-1).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a "party may amend its pleading … with … the court's leave" and that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Factors to consider when assessing a party's motion to amend a pleading are undue delay, bad faith, futility, and most importantly, prejudice to the non-moving party.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted).

Here, Plaintiff represents that she anticipates that her proposed amended complaint addresses and will cure some of the arguments that Defendant has made in its motion to dismiss. Indeed, Plaintiff has added new facts and has removed various claims in light of the pending motion to dismiss.  Additionally, adding new parties at this early stage of the litigation before the parties have taken discovery and before a case management order has been entered favors judicial economy.  Accordingly, Plaintiff has sufficiently explained why she should be granted leave to amend her complaint.  To the extent that Defendant would assert that the amended complaint does not address its original arguments in the motion to dismiss, Defendant may simply reassert its position by way of a motion to dismiss the amended complaint.  Thus, Defendant will not suffer prejudice if Plaintiff amends the complaint.  Further, based on the foregoing, allowing amendment at this early stage will not result in undue delay or futility, and nothing suggests that Plaintiff's motion to amend has been filed in bad faith.

**AND NOW**, this 9th day of April, 2015, the Court hereby **ORDERS** that Plaintiff's Motion for Leave to Amend her Complaint (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff shall file her Proposed First Amended

Complaint, which is attached to her motion at ECF No. 16-1, **FORTHWITH**.


By the Court:

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF