IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| REBECA CUTRUZZULA, | ) | |
| Plaintiff, | ) | 2:14-CV-01474-MRH |
| vs. | ) | |
| BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, AND; AND BAYER OY, | ) | |
| Defendants, | ) | |

# **REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that the instant action be dismissed for plaintiff's failure to prosecute.

## II. REPORT

*a. Background*

On August 22, 2016, former counsel for plaintiff sought to withdraw his appearance in this matter, as his client, plaintiff Rebeca Cutruzzula had failed to communicate with counsel despite numerous attempts by counsel to contact her. [ECF No. 51]. Former counsel indicated that he tried to contact plaintiff and her family members on multiple occasions to communicate with plaintiff, but he was not successful in his efforts and alleged that he could not effectively prosecute plaintiff's case without her willingness to communicate. A hearing was scheduled on the motion to withdraw and the plaintiff was ordered to appear in person at the hearing. [ECF Nos. 53, 55]. The plaintiff did not appear at the motion hearing held on September 12, 2016, and former counsel's motion to withdraw his appearance was granted. [ECF No. 56]. It was further

1

ordered that plaintiff obtain other counsel or otherwise inform the court of her desire to proceed *pro se* in this matter by October 12, 2016. [ECF No. 57]. Plaintiff was informed that failure to take these steps would result in her case being dismissed for failure to prosecute. *Id*. As of this date, plaintiff has not responded to any court order or has otherwise communicated with the court.

   *b. Discussion*

The United States Court of Appeals for the Third Circuit has delineated a six-factor test to guide a district court's determination of whether the involuntary dismissal of a case is appropriate. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must take into consideration: 1. the extent of the party's personal responsibility; 2. prejudice to the adversary; 3. the history of the party's dilatoriness; 4. whether the attorney's conduct was willful or in bad faith; 5. alternative sanctions; and 6. whether the claim is meritorious. *Id*. at 868-870. All six factors need not be met to warrant dismissal. *Hicks v. Fenney*, 850 F.2d 152 (3d Cir. 1988).

The instant action should be dismissed. Plaintiff has taken no steps to prosecute her case. She did not appear at the motion hearing after being ordered to do so, has not indicated whether she is seeking outside counsel or whether she sought to continue prosecuting her action *pro se*, and was informed that failure to respond to such orders would result in her case being dismissed. As plaintiff is presently without counsel and proceeding *pro se*, she bears all of the responsibility to adequately prosecute her case. While the action may state meritorious claims, and the court makes no determination as to the validity of plaintiff's claims, it is impossible for the court to proceed with an action involving an unresponsive *pro se* plaintiff. Alternative sanctions for failing to prosecute, such as monetary sanctions or a finding of contempt, are unsuitable here as

plaintiff is proceeding *pro se* and to impose such sanctions would not be in the interests of justice.

## III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that the instant action be dismissed for plaintiff's failure to prosecute.

In accordance with the Federal Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), the parties are permitted fourteen (14) days from the date of service to file written objections to the present report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objection may constitute a waiver of some appellate rights. *See Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 16th day of November, 2016.

Respectfully submitted,

s/Cynthia Reed Eddy
United States Magistrate Judge